## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| **FASSI GRU SPA** | * | |
| Albino (Bergamo), Italia | | |
| via Roma 110 | * | |
| | | |
| and | * | |
| | | |
| **FASCAN INTERNATIONAL, INC.** | * | |
| 4517 North Point Boulevard | | |
| Baltimore, Maryland 21219 | * | CIVIL ACTION NO.: |
| | | |
| Plaintiffs, | * | MJG 05 CV 2349 |
| | | |
| vs. | * | |
| | | |
| **ROBERT'S DIESEL WORKS, INC.** | * | |
| 906 W. Gore Street | | |
| Orlando, Florida 32805, | * | |
| | | |
| **Florida Resident Agent:** | * | |
| Robert Hodgins | | |
| 3026 LandTree Place | * | |
| Orlando, FL 32812 | | |
| | * | |
| Defendant. | | |

*   *   *   *   *   *   *   *   *   *   *   *

## COMPLAINT

Plaintiffs, Fassi Gru Spa ("Fassi") and Fascan International, Inc. ("Fascan") (hereinafter collectively "Plaintiffs"), by their attorneys, Robert S. Downs, Michael J. Halaiko and Miles & Stockbridge P.C., bring this action against Defendant, Robert's Diesel Works, Inc. (hereinafter "Defendant"). For their Complaint, Plaintiffs state as follows:

### I. JURISDICTION & VENUE

1.  The Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) & (b) in that

this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq.

2. The Court also has jurisdiction pursuant to 15 U.S.C. § 1331, as this matter arises under the Constitution, laws or treaties of the United States.

3. The Court further has jurisdiction pursuant to 15 U.S.C. § 1332(a), as this civil action is between citizens of different States and Countries and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Pursuant to FED. R. CIV. P. 4(k)(1)(A), this Court has personal jurisdiction over the Defendant under MD. CODE ANN., CTS. & JUD. PROC. § 6-103 et al.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## II. STATUS OF PARTIES

6. Plaintiff Fassi is a corporation incorporated under the laws of Italy, having its principal place of business at Albino (Bergamo), Italia via Roma 110. Fassi is the manufacturer of light, medium and heavy-duty hydraulic cranes.

7. Plaintiff Fascan is a corporation incorporated under the laws of the State of Maryland, having its principal place of business at 4517 North Point Boulevard, in the County of Baltimore, State of Maryland. Fascan is the duly constituted exclusive distributor in the United States and the Caribbean for Fassi cranes. Fascan has the exclusive right to use Fassi Trademarks in the United States and Caribbean and the authority to grant limited use of Fassi Trademarks to distributors and retailers in connection with the sale of Fassi products.

8. Defendant is a corporation incorporated under the laws of the State of Florida, having its principal place of business at 906 W. Gore Street, in the County of Orlando, State of Florida.

### III. FACTUAL BACKGROUND

9.  In or about 1966, Fassi adopted the mark "Fassi" and has used it in interstate and international commence related to the manufacture and sale of light, medium and heavy-duty hydraulic cranes ever since.

10. On June 22, 1992, Fascan became the duly constituted exclusive distributor in the United States and the Caribbean for Fassi products.  Fassi allowed Fascan to utilize all Fassi trademarks for use in the sale of Fassi cranes in the United States and Caribbean.

11. On March 23, 2000, Fassi filed an application for registration of the Word Mark "Fassi" (the "Fassi Mark") in the United States Patent and Trademark Office.

12. On October 8, 2002, the Fassi Mark was registered under number 2632525 in the United States Patent and Trademark Office on the Principal Register under the Act of 1946.  A copy of the registration is attached hereto and marked Exhibit "A."  Such registration is now outstanding and valid.

13. On March 22, 2002, Fassi filed an application for registration of the phrase "Reach Beyond Your Expectations" (the "Reach Beyond Mark") (the "Fassi Mark" and the "Reach Beyond Mark" shall collectively be referred to as "Fassi Trademarks") alone and this phrase, together with a depiction of an outstretched crane, in the United States Patent and Trademark Office.

14. On July 22, 2003, the Reach Beyond Mark was registered under number 2740390 in the United States Patent and Trademark Office on the Principal Register under the Act of 1946.  A copy of the registration is attached hereto and marked Exhibit "B."  Such registration is now outstanding and valid.

15. On or about February 8, 2001, Fascan and Defendant entered into a Dealer Agreement wherein Defendant was granted a non-exclusive right to sell Fassi cranes.

16. The Dealer Agreement was entered by the parties in the State of Maryland.

17. Pursuant to the Dealer Agreement, Defendant consented to the jurisdiction and venue of the Federal and State Courts of Maryland.

18. The Dealer Agreement provided that Defendant was not entitled to the use of Fassi and/or Fascan trade names and trademarks, present or future, except upon written permission, for the promotion, sale, rental and service of Fassi cranes.

19. The Dealer Agreement provided that Defendant must discontinue the display and use of Fassi and/or Fascan trade names and trademarks upon request from Fascan and/or upon termination of the Dealer Agreement.

20. In November 2004, Fascan provided Defendant with notice that it was terminating the Dealer Agreement effective in February 2005.

21. Defendant continued to use the Fassi Trademarks following the termination of the Dealer Agreement.

22. By letter of April 13, 2005, Fascan demanded that Defendant immediately cease and desist use and display of the Fassi Trademarks.

23. Defendant continued to use the Fassi Trademarks following the April 13, 2005 cease and desist letter.

24. By letter of May 4, 2005, Fascan again demanded that Defendant immediately cease and desist use and display of the Fassi Trademarks.

25. Defendant again continued to use the Fassi Trademarks following the May 2005 letter.

26. On May 9, 2005, Defendant advised Plaintiffs in writing that it owned "many websites that relate to Fassi such as www.fassicranes.com." Defendant demanded $5,500.000.00 for the sale of the domain names containing the Fassi Mark.

27. The domain name www.fassicranes.com has and continues to redirect individuals searching for Fassi cranes to Defendant's website where it advertises for the sale of cranes manufactured by Fassi's competitors.

**COUNT I**
(Trademark Infringement)

28. Plaintiffs reallege and incorporate the allegations in Paragraphs 1-27 as if fully restated herein.

29. Plaintiff Fassi has, since 1966, used the above-described Fassi Mark to identify its products and to distinguish them from those made and sold by others.

30. Plaintiff Fassi has, since on or about March 22, 2002, used the above-described Reach Beyond Mark to identify its products and to distinguish them from those made and sold by others.

31. Defendant has and continues to infringe upon Fassi Trademarks in interstate commerce by various acts, including the use of Fassi Trademarks in its advertisements, publications, letterhead, invoices, and on its website.

32. Defendant has and continues to infringe upon Fassi Trademarks by using said Marks in domain names maintained by Defendant that redirect traffic to Defendant's website.

33. Defendant was and is aware that the Fassi Trademarks are registered in the United States Patent and Trademark Office.

34. Defendant's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion and mistake regarding the origin of any affiliation of Defendant's products.

35. Defendant has infringed Fassi's Trademarks with the intent to deceive the public into believing that goods sold by Defendant are made by, approved by, sponsored by or affiliated with Fassi.

36. Defendant's acts were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiffs, and with the intent to deceive and defraud the public.

37. Plaintiffs have requested Defendant to cease and desist from its acts of trademark infringement and have given Defendant actual notice of Plaintiffs' registration, but Defendant has refused to cease such acts.

**WHEREFORE**, Plaintiffs pray with regard to Count I:

    a.  That Defendant's conduct be adjudged an infringement of trademarks registered as 2,758,847 and 2,740,390, respectively;

    b.  That any and all infringing items be destroyed or transferred to Plaintiffs;

    c.  That Defendant be required to account to Plaintiffs for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiffs by reason of the acts of infringement and unfair competition complained of;

    d.  That the Court grant Plaintiffs all monetary damages provided for under 15 U.S.C. 1117 including, but not limited to, treble damages and/or statutory damages;

    e.  That the Court grant Plaintiffs' attorneys fees and costs in prosecution of this claim as provided for under 15 U.S.C. 1117; and,

    f.  That the Court grant such other and further relief as deemed just and proper.

## COUNT II
### (Unfair Competition and Infringement
### of Plaintiffs' Common-law rights)

38. Plaintiffs reallege and incorporate the allegations in Paragraphs 1-37 as if fully restated herein.

39. The previously mentioned acts of Defendant constitute unfair competition and an infringement of Plaintiffs' common-law rights in their above-described Fassi Trademarks.

40. Plaintiff Fassi has used the Fassi Mark continuously since 1966 to identify its cranes and to distinguish them from those made and sold by others.

41. Plaintiff Fassi has used the Reach Beyond Mark continuously since 2002 to identify its cranes and to distinguish them from those made and sold by others.

42. The cranes and Plaintiffs' advertising and promotion of the cranes have been distributed in the trade area where Defendant is engaged in business.  As a result of the sales and advertising of the Fassi Trademarks by Plaintiffs, the Fassi Trademarks have developed and now have a secondary and distinctive trademark meaning to purchasers in Defendant's trade area.  As a result of the sales and advertising of the Fassi Trademarks by Plaintiffs, Fassi and Fascan have developed goodwill in the marketplace.

43. The Fassi Trademarks have come to indicate to such purchasers a product originating only with Plaintiffs.  As a result of the association by purchasers of the Fassi Trademarks with Plaintiffs, Defendant's use of the Fassi Trademarks is likely to cause confusion to such purchasers.

44. Defendant has infringed the Fassi Trademarks as alleged with the intent to deceive the public into believing that goods sold by Defendant are made by, approved by, sponsored by or affiliated with Plaintiffs and unfairly profited from Fassi's goodwill.

45. Defendant's acts were committed with the intent to pass off and palm off Defendant's goods as the goods of Plaintiffs, and with the intent to deceive and defraud the public.

46. Defendant's actions constitute unfair competition and infringement of Plaintiffs' common-law trademarks rights.

**WHEREFORE**, Plaintiffs pray with regard to Count II:

a. That Defendant's conduct be adjudged unfair competition and infringement of Plaintiffs' common-law trademarks rights;

b. That any and all infringing items be destroyed or transferred to Plaintiffs;

c. That the Court grant Plaintiffs all monetary damages in an amount to be proven at trial;

d. That the Court grant Plaintiffs' attorneys fees and costs in prosecution of this claim; and,

e. That the Court grant such other and further relief as deemed just and proper.

## COUNT III
(Cyberpiracy)

47. Plaintiffs reallege and incorporate the allegations in Paragraphs 1-46 as if fully restated herein.

48. Fassi has registered the Fassi Mark in the United States Patent and Trademark Office.

49. The Fassi Mark is protected as a trademark under 15 U.S.C. § 1125.

50. Defendant has registered, traffics in and uses domain names containing the Fassi Mark including, but not limited to: www.fassicranes.com; www.fassicranes.net; www.fassicranes.org; www.fassicranes.info; www.fassicranes.biz; www.fassicranes.us;

www.fassicrane.com;   www.fassicrane.net;   www.fassicrane.org;   www.fassicrane.info;
www.fassicrane.biz; and www.fassicrane.us.

51. The domain name www.fassicranes.com has and continues to divert customers looking
for Fassi cranes to Defendant's website http://www.knuckleboom.com/800x600/intro.htm
where Defendant sells cranes manufactured by Fassi's competitors.

52. Defendant has registered, traffics in and uses the above domain names containing the
Fassi Mark with the bad faith intent to profit from the Fassi Mark, Fassi's name
recognition and Fassi's reputation for quality products and customer satisfaction.

53. Defendant's use of the domain names containing the Fassi Mark is done with the intent to
divert consumers from Plaintiffs' online locations.

54. Defendant's use of the domain names containing the Fassi Mark is done with the intent to
use Fassi's goodwill and name recognition to divert consumers to Defendant's online
location in order to obtain financial gain.

55. Defendant's use of the domain names containing the Fassi Mark is done with the intent to
create confusion regarding the Fassi brand and the brands of competitors.

56. Defendant's use of the domain names containing the Fassi Mark is done with the intent to
create confusion regarding the source, sponsorship, affiliation and endorsement of
Defendant's website.

57. Defendant has refused to cease and desist use of the domain names containing the Fassi
Mark.

58. Defendant has demanded payment of $5,500,000.00 for transfer of the domain names
containing the Fassi Mark to Plaintiffs.

**WHEREFORE**, Plaintiffs pray with regard to Count III:

a. That Defendant's conduct be adjudged Cyberpiracy as set forth in 15 U.S.C. § 1125(d);

b. That the Court order the domain names transferred to Plaintiffs or the forfeiture or cancellation of said domain names containing the Fassi Mark or;

c. That the Court grant Plaintiffs all monetary damages provided for under 15 U.S.C. § 1117 including, but not limited to, treble damages and/or statutory damages;

d. That the Court grant Plaintiffs' attorneys fees and costs in prosecution of this claim as provided for under 15 U.S.C. § 1117; and,

e. That the Court grant such other and further relief as deemed just and proper.

## COUNT IV
### (False Designation Of Origin)

59. Plaintiffs reallege and incorporate the allegations in Paragraphs 1-58 as if fully restated herein.

60. Defendant's use of Fassi Trademarks in its advertisements, publications, letterhead, invoices, websites and domain names has caused goods to enter into interstate commerce with the designation and representation "Fassi" connected therewith.

61. Defendant's use of "Fassi" is a false description and representation that such goods are made by, sponsored by or affiliated with Plaintiffs.

62. Defendant's acts are in violation of 15 USC § 1125(a), in that Defendant has used in connection with the sale of hydraulic cranes a false designation of origin and a false description or representation and has caused such cranes to enter into interstate commerce.

63. Plaintiffs have been and continue to be damaged by such false description and representation by reason of the likelihood that purchasers will be confused as to the true source, sponsorship or affiliation of Defendant's cranes.

64. By reason of Defendant's acts, Plaintiffs have suffered, and will continue to suffer, damage to their business, reputation and good will and have lost sales and profits that Plaintiffs would have made but for Defendant's acts.

**WHEREFORE**, Plaintiffs pray with regard to Count IV:

   a.  That Defendant's conduct be adjudged an infringement of trademarks registered as 2,758,847 and 2,740,390, respectively;

   b.  That any and all infringing items be destroyed or transferred to Plaintiffs;

   c.  That Defendant be required to account to Plaintiffs for any and all profits derived by Defendant from the sale of its goods and for all damages sustained by Plaintiffs by reason of the acts of infringement and unfair competition complained of;

   d.  That the Court grant Plaintiffs all monetary damages provided for under 15 U.S.C. § 1117 including, but not limited to, treble damages and/or statutory damages;

   e.  That the Court grant Plaintiffs' attorneys fees and costs in prosecution of this claim as provided for under 15 U.S.C. § 1117; and,

   f.  That the Court grant such other and further relief as deemed just and proper.

<u>**COUNT V**</u>
(Breach of Contract)

65. Plaintiffs reallege and incorporate the allegations in Paragraphs 1-64 as if fully restated herein.

66. On or about February 8, 2001, Fascan and Defendant entered into a Dealer Agreement wherein Defendant was granted a non-exclusive right to sell Fassi cranes.

67. The Dealer Agreement provided that Defendant must discontinue the display and use of Fassi and/or Fascan trade names and trademarks upon request from Fascan and/or upon termination of the Dealer Agreement.

68. In November 2004, Fascan provided Defendant with notice that it was terminating the Dealer Agreement effective in February 2005.

69. Defendant has and continues to use the Fassi Trademarks following the termination of the Dealer Agreement.

70. Defendant's acts and omissions are in breach of the Dealer Agreement.

71. Plaintiffs have been damaged by Defendant's continued use of Fassi Trademarks in breach of the Dealer Agreement.

**WHEREFORE**, Plaintiffs pray with regard to Count V:

a.  That Defendant's conduct be adjudged in breach of the Dealer Agreement;

b.  That the Court grant Plaintiffs all monetary damages to be proven at trial;

c.  That the Court grant Plaintiffs' attorneys fees and costs in prosecution of this claim; and,

d.  That the Court grant such other and further relief as deemed just and proper.

Respectfully submitted,
FASSI GRU SPA and FASCAN INTERNATIONAL, INC.
By Counsel

8/24/05
Date

Robert S. Downs
Michael J. Halaiko
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464
Attorneys for Plaintiffs